# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**EDWARD LYNUM,**

    **Plaintiff,**

v.                                                                    Case No: 5:19-cv-322-Oc-CEMPRL

**MICHELLE T. MORLEY and FIFTH**
**JUDICIAL CIRCUIT FOR SUMTER**
**COUNTY, FLORIDA**

    **Defendants.**

## REPORT AND RECOMMENDATION[1]

This action grew out of divorce and child custody proceedings in the Florida court system between Edward Lynum (a licensed attorney), who brings this action as a *pro se* plaintiff, and his former wife, Aliya Karama Killion. In his Amended Complaint (Doc. 15), Plaintiff alleges that Circuit Court Judge Michele T. Morley, and subsequent Circuit Judges assigned after Judge Morley's recusal, including Senior Circuit Judge Daniel B. Merritt, violated his constitutional rights and state law, for which he now seeks monetary damages, as well as injunctive and declaratory relief. In the instant motion (Doc. 2), Plaintiff moves the Court to proceed *in forma pauperis*. For the following reasons, the motion should be denied and the Amended Complaint dismissed.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

I.  **Legal Standards**

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under §1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *Id.* at 640, n. 2. "When the defense is apparent from the face of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under §1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed.2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

>  reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Id*. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544, 555.

**II.     Background**

Plaintiff's claims arise from his ongoing Florida divorce and child custody proceedings—Case No. 2016-DR-136 filed in Sumter County, Florida.[2] Specifically, Plaintiff takes issue with Judge Morley's handling of a motion filed by Ms. Killion for the temporary relocation of their minor daughter to Hillsborough County. After conducting a hearing on the motion, Judge Morley emailed counsel advising that the motion was granted and directing Ms. Killion's counsel to draft the order subject to Plaintiff's counsel's approval. (Doc. 15-3 at 37-56). Plaintiff objected to this email communication as improper. On August 13, 2018, Judge Morley issued the final Order. (Doc. 15-2).

Plaintiff alleges that Judge Morley's Order "infringes on Plaintiff's constitutional due process rights and liberty interests to parent his child;" that Judge Morley engaged in a pattern of extrinsic fraud and that Plaintiff was unable to litigate allegations of his former wife's mental illnesses and his child's well-being; that the "state court orders violate Plaintiff's due process rights under the Fifth Amendment;" that his liberty interest to rear his child as a Christian has been

---

[2] The docket for this case can be accessed electronically at: https://www.civitekflorida.com/ocrs/app/caseinformation.xhtml?query=W3yngz8dRl86hEoA_yjVuuiAxGodleTl9lrUb4t-Q-I&from=partyCaseSummary

attacked by Judge Morley and unconstitutionally limited without due process; and that the state court orders substantially burden Plaintiff's religious exercise.

The same day she entered the above Order, Judge Morley recused herself from the case. (Doc. 15-5). Plaintiff alleges that subsequent judges assigned to the case, including Judge Merritt, have continued to deny Plaintiff's constitutional rights to due process of law by rendering orders that deprive his religious and parenting constitutional liberties. Specifically, Plaintiff points to four child pick-up orders (Doc. 15-6), a time-sharing modification order (Doc. 1-9), and Judge Merritt's July 10, 2019 Order suspending Plaintiff's timesharing and substituting supervised visitation at a facility in Tampa, Florida. (Doc. 15-7).

Plaintiff alleges that he has requested "de novo" review of the state's action from its inception through December of 2018 via a direct appeal to Florida Fifth District Court of Appeals, Case No. 5D19-1945. He also alleges that on April 1, 2019 he filed a petition for juvenile dependency in Hillsborough County, case number 2019-DP-265, challenging Judge Morley's August 13, 2018 Order.

In his Complaint, Plaintiff asserts claims under 42 U.S.C. § 1983 and state law alleging that Defendants have violated his rights secured by the Establishment Clause of the First Amendment, as well as the Fifth and Fourteenth Amendments, and the Florida constitution. Plaintiff seeks a permanent injunction staying Judge Morley's August 14, 2018 Order, the November 27, 2018 time-sharing modification Order, and Judge Merritt's July 10, 2019 suspension Order; (2) a declaration that the Orders violate Plaintiff's First Amendment religious and parenting liberties as guaranteed by the Fourteenth Amendment to the United States Constitution and article 1, section 9 of the Florida Constitution; (3) compensatory damages against

all Defendants jointly and severally in an amount to be determined at trial; (4) punitive damages; and (5) attorney's fees and costs.

### III.  Discussion

Plaintiff's claims for injunctive and declaratory relief should be dismissed under *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny which instruct district courts to "refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Insurance Co. v. Tillis Trucking Co., Inc.,* 124 F.3d 1258, 1261 (11th Cir.1997) (explaining that *Younger* abstention applies to injunctions and declaratory judgments that would effectively enjoin state proceedings). The *Younger* abstention doctrine asks three questions: "first, do the proceedings constitute an ongoing state judicial proceeding; second, do [the proceedings] implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *31 Foster Children v. Bush,* 329 F.3d 1255, 1274 (11th Cir.2003) (quoting *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)). If the answer to those inquiries is "yes," then federal courts must abstain from intervention in the ongoing, state-court proceedings.

Here, Plaintiff alleges that the state court proceedings (case number 2016-DR-136) were ongoing at the time he filed his Amended Complaint in this court. Indeed, only one day before Plaintiff filed his Amended Complaint, Judge Merritt issued his Order (challenged here) suspending Plaintiff's timesharing and requiring supervised visitation. Judge Merritt advised Plaintiff that he could file a motion to restore the previous timesharing arrangement, and that the Court "reserve[d] jurisdiction over the parties and subject matter to enforce this Order." (Doc. 15-7). Plaintiff also alleges that he filed a petition for writ of prohibition with the Fifth Circuit Court of Appeals. Thus, Sumter County Court case number 2016-DR-136 is an "ongoing judicial

proceeding," and entertaining the relief requested by Plaintiff's Complaint would "directly interfere with" the state court proceedings by barring their continuation. *See 31 Foster Children,* 329 F.3d at 1276.

As to the second question, it is well-settled that matters involving domestic relations and child custody implicate important state interests. *Davis v. Self*, 547 Fed. Appx 927, 930 (11th Cir. 2013).

And for the final question, Plaintiff has not met his "burden of establishing that the state proceedings do not provide an adequate remedy for [his] federal claims." *31 Foster Children,* 329 F.3d at 1279. A federal court "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Id.* And what matters is whether Plaintiff is procedurally prevented from raising his constitutional claims in the state courts—not whether his claim would likely be successful on the merits in the state court. *Davis,* 547 Fed. Appx at 931 (quoting *Pompey v. Broward Cnty.,* 95 F.3d 1543, 1551 (11th Cir.1996)). Here, Plaintiff does not claim that he was procedurally barred from raising his constitutional claims in state court; to the contrary, he notes that he has already done so on numerous occasions in the Sumter County divorce proceedings, as well as in a child dependency action filed in Hillsborough County. Accordingly, abstention is appropriate.

Likewise, Plaintiff's claims against Judge Morley and Judge Merritt for damages under § 1983 are barred by judicial immunity. Judges are immune from liability for damages for acts committed in a judicial capacity and within their judicial jurisdiction. *Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery

and eventual trial." *Hyland v. Kolhage,* 267 Fed. Appx. 836, 839-40 (11th Cir. 2008) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). This immunity extends to circumstances where judges are "accused of acting maliciously and corruptly" in the exercise of their judicial decision-making power. *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967) (noting that "[f]ew doctrines are more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction"). It protects judicial independence by "insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988).

Here, each action that Plaintiff challenges occurred while Judge Morley and Judge Merritt were presiding over his divorce and child custody proceedings. Those actions were plainly "judicial in nature" and taken within the judges' judicial jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 12 (1991). It is irrelevant whether Plaintiff is correct that those actions were "malicious and racially offensive." *Manning v. Harper*, 460 Fed. Appx 872, 876 (11th Cir. 2012).

**IV.   Conclusion**

Since Plaintiff has failed to allege a cognizable cause of action within the Court's limited jurisdiction, it is **recommended** that the motion (Doc. 2) be **denied** and the Amended Complaint (Doc. 15) be **dismissed.** Plaintiff's claims for injunctive and declaratory relief should be dismissed under the *Younger* doctrine and his claims for damages are barred by absolute judicial immunity

**Recommended** in Ocala, Florida on July 18, 2019.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy